No. 401.

CHESTER J. ANDRUS, PLAINTIFF, v. MAX SPECKTOR, ABRAM LARNER AND MAX PECK, PARTNERS, TRADING AS SPECKTOR, LARNER & PECK, DEFENDANTS.

No. 402.

GEORGE C. BOONE, PLAINTIFF, v. SAME.

No. 403.

HAROLD LORANG, PLAINTIFF, v. SAME.

No. 404.

JOHN K. VOLL, PLAINTIFF, v. SAME.

Submitted March 22, 1923—Decided June 5, 1923.

**Practice—Motion to Strike Out Complaint—Demurrer.**

On motion to strike out complaint.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiffs, *William C. French* and *Samuel T. French*.

For the defendants, *Lewis Starr*.

PER CURIAM.

The complaint in the Andrus case is typical of all, and for convenience, a copy of its averments purporting to set out a cause of action follows:

"1. On or about the 17th day of January, in the year of 1922, Max Specktor, Abram Larner and Max Peck, trading as a partnership, name of Specktor, Larner & Max Peck, the defendants herein were engaged in operating a department

21

store at numbers 427 and 429 Kaighn avenue, in the city and county of Camden and State of New Jersey.

"2. That the plaintiff Chester J. Andrus was a member of the fire department of the said city of Camden.

"3. That it was the duty of the defendant to obey the law and refrain from doing or procuring to be done any act that might put life, health, limb or property in danger or jeopardy.

"4. Yet, the said defendants and defendant failed to observe and live up to this duty, but on the said 17th day of January, 1922, and before that time, did or procured to be done certain unlawful, illegal, dangerous and negligent acts in such a manner and to such an extent that by the means thereof a fire was caused to break out in the said store, which said fire, because of the defendants' acts, was caused to spread with lightning-like rapidity, rendering the best efforts of the said fireman and his associates unavailing, so that in the course of the endeavor to suppress and control the said fire to save the lives, limbs and properties thereabouts, the said plaintiff sustained the injuries hereinafter mentioned."

The first ground for the motion to strike out is that the declaration does not set out a cause of action. This is tantamount, under our present practice, to a general demurrer; and on the authority of *Central Railroad Co.* ads. *Van Horn,* 38 *N. J. L.* 133, 140, we do not feel justified in striking out the complaint on that ground. See, also, *Race* v. *E. & A. R. R. Co.,* 62 *Id.* 536; *Savage* v. *Public Service Railway Co.,* 95 *Id.* 432, 435.

On the authority of the same line of cases, however, the complaint should be struck out under the present rule 39 of this court, which has superseded section 110 of the Practice act of 1903, repealed in 1912. The complaint in this aspect is clearly irregular and defective and so framed as to embarrass and delay a fair trial; and the motion is made also on that ground.

If any application to amend is to be made later, it will be well to bear in mind what was said in *Breese* v. *Trenton Horse Railroad Co.,* 52 *N. J. L.* 251, 252, quoting from *Add.*

*Torts,* that "the allegation of duty is immaterial, for if the particular facts set forth the duty, the allegation is unnecessary, and if they do not, it is unavailing."

Let the complaints be struck out, with costs.